IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| PETER A. TZENDZALIAN, DDS, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO.: 1:16-cv-01341 |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

Plaintiff, PETER A. TZENDZALIAN, DDS ("Dr. Tzendzalian"), by and through the undersigned counsel, files this Complaint for Damages against Defendant, STATE FARM FIRE AND CASUALTY COMPANY (State Farm), and as grounds therefore, states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. The amount in controversy in this action exceeds the sum of seventy-five thousand ($75,000.00) dollars, exclusive of pre-judgment interest, court costs, and attorney fees.

2. At all times relevant hereto, Dr. Tzendzalian was and is the owner of a dental practice known as Aesthetic Oral Health located in Durham, Durham County, North Carolina 27707. Dr. Tzendzalian's principal office was located at 4711 Hope Valley Road, Suite 5F, Durham, North Carolina 27707, but was temporarily relocated to 3608 Shannon Road, Suite 205, Durham, North Carolina 27707 following the subject loss.

3. Upon information and belief, at all times relevant hereto, State Farm was and is a foreign corporation authorized to do business in the State of North Carolina.

4. At all times relevant hereto, State Farm is an insurance company headquartered and domiciled in Illinois.

5. The requirements for property diversity are met in this matter because the parties are domiciled in separate states and the amount in controversy exceeds $75,000.00.

## STATEMENT OF CLAIM

6. Inherent in any policy of insurance issued to insure against casualty or catastrophic loss is the premise that the insured's claim is paid promptly, so that the insured may mitigate its damages and be restored to its pre-loss position as quickly as possible.

7. In consideration of the premiums paid to it, State Farm issued a Medical Office Insurance Policy, Policy No. 93BPB460-3 ("the Policy"), to Dr. Tzendzalian insuring the business personal property at 4711 Hope Valley Road, Suite 5F, Durham, North Carolina 27707, and loss of income and extra expense incurred by the practice.

8. Insurance companies, while engaging in the business of insurance in the State of North Carolina, are required to follow and comply with North Carolina General Statutes and the rules, regulations and procedures promulgated by the North Carolina Department of Insurance.

9. The subject Policy issued by State Farm was in full force and effect at the times material hereto. A subsequent Renewal Declarations for the Policy is attached hereto as Exhibit "A".

10. The Policy covers loss caused by water, smoke, and the ensuing loss as a result of these perils.

11. On or about November 22, 2013, Dr. Tzendzalian's business personal property sustained significant damages resulting from water, smoke, and the ensuing loss caused as a result of the water and smoke damage to the property.

12. The damages were timely reported to State Farm, and Dr. Tzendzalian immediately mitigated his loss.

13. In response, State Farm, through its representatives, purported to investigate and adjust the insurance claim.

14. State Farm recognized the validity of the claim and admitted coverage; however, State Farm and its agents and representatives failed to properly investigate and adjust the claim, and refused to pay the full value of the damages sustained.

15. Dr. Tzendzalian has cooperated with State Farm in the investigation, has provided all documentation supporting his claim, and allowed for all inspections.

16. State Farm rejected and ignored documentation and communications, choosing instead to hide behind the palpably incorrect and unsupported statements and opinions of themselves, and some of their agents and representatives.

17. Water and smoke severely damaged the insured property and adversely affected Dr. Tzendzalian's practice, causing substantial hardship.

18. State Farm, however, refused to tender the full amounts due and owing under the Policy, despite knowing that it was legally and contractually required to do so.

19. Dr. Tzendzalian has repeatedly requested that State Farm pay the damages; State Farm, however, has failed and/or refused to do so, despite the substantial evidence supporting Dr. Tzendzalian's claims for coverage and benefits under the Policy.

20. Dr. Tzendzalian complied with all obligations and conditions under the insurance contract or, alternatively, was excused from doing so by the actions of State Farm and/or its agents and representatives.

21. State Farm's refusal to pay all benefits due under the Policy is a breach of the insurance contract.

22. Due to the inadequate investigation and adjustment of the claim by State Farm, Dr. Tzendzalian has been unable to return his practice to its pre-loss status.

23. Due to the inadequate investigation and adjustment of the claim by State Farm, Dr. Tzendzalian was forced to hire a public insurance adjuster, Goodman-Gable-Gould/Adjusters International, and attorneys to represent his interests and to attempt to reach a fair settlement.

24. As a further direct result of the aforementioned conduct of State Farm as well as its agents and representatives, Dr. Tzendzalian is obligated for payment of attorney's fees and costs associated with this action, and Dr. Tzendzalian seeks reimbursement of such fees in this instance.

## COUNT I - BREACH OF CONTRACT

25. Dr. Tzendzalian re-alleges Paragraphs 1-24 as if fully set forth herein.

26. This is an action against State Farm for breach of an insurance contract, the Policy that was in effect at the time of the loss, for damages caused by water and smoke.

27. On or about November 22, 2013, Dr. Tzendzalian's insured business personal property sustained direct physical damage caused by water, smoke, and ensuing damages as a result of water and smoke.

28. Subsequent to the loss on November 22, 2013, Dr. Tzendzalian's practice also incurred loss of income and extra expense.

29. Dr. Tzendzalian timely reported the damage to State Farm, submitted documentation of his claim, and allowed for all inspections.

30. In response to Dr. Tzendzalian's submission of his insurance claim, State Farm sent and/or assigned various insurance adjusters and/or representatives to inspect, investigate, provide a coverage opinion, and evaluate the extent and nature of the claimed damages, but failed to properly evaluate the claim.

31. Dr. Tzendzalian suffered a substantial loss to his business personal property and he continues to suffer the loss, including loss of income and extra expense incurred by his practice.

32. State Farm has failed and/or refused to tender all owed insurance proceeds, undisputed or otherwise, that are due and owing to Dr. Tzendzalian.

33. Dr. Tzendzalian has repeatedly requested that State Farm pay all of his damages. State Farm has failed and/or refused and continues to refuse to pay the full damages, despite knowing it is required to do so.

34. Dr. Tzendzalian has performed all those things properly required of him under the Policy, or alternatively, he has been excused from performance of the acts due to the representations, omissions, and/or conduct of State Farm.

35. Notwithstanding the foregoing, State Farm has failed and/or refused to provide full coverage under the Policy for the damages to Dr. Tzendzalian's practice and has failed to promptly pay all amounts due, thereby breaching its contract of insurance.

36. As a direct result of State Farm's breach of its insurance contract, Dr. Tzendzalian has lost benefits of the insured business personal property, and continues to suffer the loss, including loss of income and extra expense incurred by his practice.

**WHEREFORE**, the Plaintiff, PETER A. TZENDZALIAN, DDS, requests this Court to enter an award for payment by the Defendant, STATE FARM FIRE AND CASUALTY COMPANY, of compensatory damages, prejudgment interest, costs of this action, attorney's fees and costs, and any other relief this Court deems appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff, PETER A. TZENDZALIAN, DDS, demands a trial by jury on all issues so triable.

Dated this 17th day of November, 2016.

/s/Nicole C. Vinson
Nicole C. Vinson, Esq. Bar Number: 44878
Attorney for Plaintiff
Merlin Law Group, P.A.
777 S. Harbour Island Blvd., Suite 950
Tampa, FL 33602
Telephone: (813) 229-1000
Facsimile: (813) 229-3692
nvinson@merlinlawgroup.com
tvarn@merlinlawgroup.com